# EXHIBIT C

## Jennifer L. Poole

**From:** Martin Leach [mel@flmlegal.com]
**Sent:** Monday, March 16, 2009 3:02 PM
**To:** Jennifer L. Poole
**Cc:** Martin Leach; Eddie Rodriguez
**Subject:** RE: Royal Flowers/Ruiz -- Confidentiality Agreement

The agreement looks fine and can be submitted to Judge Garber for his signature.

Martin E. Leach
Feiler & Leach, P.L.
(305) 441-8818

**WARNING**

**The contents of this transmission may be subject to privilege and sender waives no privilege by sending it. If you have received this transmission in error, please delete it and notify us.**

---

**From:** Jennifer L. Poole [mailto:JPoole@ebglaw.com]
**Sent:** Monday, March 16, 2009 1:52 PM
**To:** Martin Leach
**Cc:** Eddie Rodriguez; Michael W. Casey III
**Subject:** Royal Flowers/Ruiz -- Confidentiality Agreement

Martin

I have not heard back from you regarding the confidentiality agreement. (Paragraph 10 specifically addresses the Greater Miami Hebrew Academy settlement agreement.) Please advise by noon tomorrow whether Plaintiff agrees to the attached, and if so, when Plaintiff will produce the settlement agreement from the lawsuit with Greater Miami Hebrew Academy. If I do not hear from you by noon tomorrow, I will contact Magistrate Judge Garber's Chambers to schedule a discovery dispute hearing on this issue.

Please contact Mike or me if you have any questions.

Thank you,
Jennifer

JENNIFER L. POOLE | Bio
(305) 579-3213 (DIRECT) | (305) 579-3201 (FAX)
JPOOLE@EBGLAW.COM

## EpsteinBeckerGreen

WACHOVIA FINANCIAL CENTER



3/30/2009

200 SOUTH BISCAYNE BOULEVARD, SUITE 4300 | MIAMI, FL 33131
(305) 579-3200 (MAIN) | WWW.EBGLAW.COM

*Think Green. Please consider the environment before you print this message. Thank you.*

CONFIDENTIALITY NOTE: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green, P.C. at (212) 351-4701 and destroy the original message and all copies.
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Pursuant to the CAN-SPAM Act this communication may be considered an advertisement or solicitation. If you would prefer not to receive future marketing and promotional mailings, please submit your request via email to ebgus@ebglaw.com or via postal mail to Epstein Becker & Green, P.C. Attn: Marketing Department, 250 Park Avenue, New York, NY 10177. Be sure to include your email address if submitting your request via postal mail.EBGST041706

3/30/2009

# Jennifer L. Poole

**From:** Jennifer L. Poole
**Sent:** Monday, March 09, 2009 3:45 PM
**To:** Martin Leach
**Subject:** RE: joint motion to vacate order of refferal to mediation

And regarding the confidentiality agreement?

---

**From:** Martin Leach [mailto:mel@flmlegal.com]
**Sent:** Monday, March 09, 2009 3:31 PM
**To:** Jennifer L. Poole
**Subject:** RE: joint motion to vacate order of refferal to mediation

I will make those corrections. Thank you for spotting it.

Regarding a new trial date: we cannot agree to any delays.


Martin E. Leach
Feiler & Leach, P.L.
(305) 441-8818

**WARNING**

**The contents of this transmission may be subject to privilege and sender waives no privilege by sending it. If you have received this transmission in error, please delete it and notify us.**

---

**From:** Jennifer L. Poole [mailto:JPoole@ebglaw.com]
**Sent:** Monday, March 09, 2009 2:08 PM
**To:** Martin Leach
**Cc:** Eddie Rodriguez
**Subject:** RE: joint motion to vacate order of refferal to mediation

Martin

The motion is fine. The word "mediation" is misspelled in the "WHEREFORE" sentence at the end, so please correct that.

What are your thoughts regarding the new trial date? I am disinclined to work on motions in limine, joint pretrial stipulation, etc. with the summary judgment motion pending. If no ruling is forthcoming in the next 7-10 calendar days, I anticipate filing a motion regarding the pretrial deadlines and possibly the trial date.

Also, attached please find an additional copy of the proposed confidentiality

3/30/2009

agreement. Paragraph 10 addresses the settlement with Greater Miami Hebrew Academy. Please sign the agreement or advise of Plaintiff's changes. I would like to finalize this and obtain the Greater Miami Hebrew Academy settlement agreement this week.

Regards,
Jennifer


JENNIFER L. POOLE | BIO
(305) 579-3213 (DIRECT) | (305) 579-3201 (FAX)
JPOOLE@EBGLAW.COM

# EpsteinBeckerGreen

WACHOVIA FINANCIAL CENTER
200 SOUTH BISCAYNE BOULEVARD, SUITE 4300 | MIAMI, FL 33131
(305) 579-3200 (MAIN) | WWW.EBGLAW.COM

*Think Green. Please consider the environment before you print this message. Thank you.*

---

**From:** Martin Leach [mailto:mel@flmlegal.com]
**Sent:** Monday, March 09, 2009 9:18 AM
**To:** Jennifer L. Poole
**Cc:** Eddie Rodriguez; Martin Leach
**Subject:** FW: joint motion to vacate order of refferal to mediation

I sent this to you last week but have not received a response. Please let me know if I am authorized to file the above. The date for compliance with the selection process is this week.

Martin E. Leach
Feiler & Leach, P.L.
(305) 441-8818

**WARNING**
**The contents of this transmission may be subject to privilege and sender waives no privilege by sending it. If you have received this transmission in error, please delete it and notify us.**

---

**From:** Martin Leach
**Sent:** Friday, March 06, 2009 12:49 PM
**To:** 'Jennifer L. Poole'
**Cc:** Eddie Rodriguez; Martin Leach
**Subject:** joint motion to vacate order of refferal to mediation

Attached is the joint motion to vacate referral to mediation. Please let me know of any suggested changes so that it can be filed with the court.


3/30/2009

Martin E. Leach
Feiler & Leach, P.L.
(305) 441-8818

**WARNING**

**The contents of this transmission may be subject to privilege and sender waives no privilege by sending it. If you have received this transmission in error, please delete it and notify us.**

CONFIDENTIALITY NOTE: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green, P.C. at (212) 351-4701 and destroy the original message and all copies.
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Pursuant to the CAN-SPAM Act this communication may be considered an advertisement or solicitation. If you would prefer not to receive future marketing and promotional mailings, please submit your request via email to ebgus@ebglaw.com or via postal mail to Epstein Becker & Green, P.C. Attn: Marketing Department, 250 Park Avenue, New York, NY 10177. Be sure to include your email address if submitting your request via postal mail.EBGST041706

3/30/2009

## Jennifer L. Poole

| | |
|---|---|
| **From:** | Jennifer L. Poole |
| **Sent:** | Tuesday, March 03, 2009 2:28 PM |
| **To:** | Martin Leach |
| **Cc:** | Eddie Rodriguez; Michael W. Casey III; Jennifer L. Poole |
| **Subject:** | Royal Flowers/Ruiz -- Defendant's proposed confidentiality agreement and protective order |
| **Attachments:** | Royal Flowers_Ruiz - Stipulated Confidentiality Agreement & Protective Order.DOC |

Martin

Please review the attached confidentiality agreement and protective order, and advise whether Plaintiff agrees with the proposed agreement. In particular, Paragraph 10 addresses Plaintiff's settlement with Greater Miami Hebrew Academy.

Please contact Mike or me if you wish to discuss this further.

Thank you,
Jennifer

JENNIFER L. POOLE | BIO
(305) 579-3213 (DIRECT) | (305) 579-3201 (FAX)
JPOOLE@EBGLAW.COM

## EpsteinBeckerGreen

WACHOVIA FINANCIAL CENTER
200 SOUTH BISCAYNE BOULEVARD, SUITE 4300 | MIAMI, FL 33131
(305) 579-3200 (MAIN) | WWW.EBGLAW.COM

*Think Green. Please consider the environment before you print this message. Thank you.*

3/30/2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20589-CIV-LENARD/GARBER

ROSARIO RUIZ,                        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )
ROYAL FLOWERS INC.,                  )
a Florida corporation,               )
                                     )
            Defendant.               )
                                     )

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The exchanging of information by the parties in the above-captioned proceeding may involve production of documents and things containing confidential information, and witnesses whose testimony may concern matters that are confidential. The parties, therefore, agree and request that the Court enter this Order as follows:

1.

Any party in this proceeding shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any information that the party produces in this proceeding, whether it be a document, information contained in a document, testimony given at a hearing, tangible things, or other information produced or supplied by the party that the party in good faith reasonably believes contains private, confidential, proprietary, trade secret, or other politically or commercially-sensitive information (hereinafter "Confidential Information" and "Highly Confidential Information," respectively). A party shall designate material as "HIGHLY CONFIDENTIAL" only if it consists of Confidential Information that, if used by or disclosed to

a receiving party or the directors, officers, or employees of another entity, would be politically or commercially harmful to the supplying party.

2.

Any information or material so designated shall be considered Confidential Information or Highly Confidential Information for all purposes and shall be used by the receiving counsel and party solely in connection with this proceeding, and not in any other proceeding or in any other manner whatsoever, and may not be used or disclosed except as provided in this Agreement and Order. All such counsel and parties are barred from using Confidential Information or Highly Confidential Information to further the business interests of any party hereto (other than the prosecution of claims or preparation of defenses in this proceeding) or the business interests of any other person, firm, corporation or other entity.

3.

The designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made as follows:

    A.    In the case of a document or other written material: by stamping in a conspicuous place on each page containing such confidential information the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

    B.    In the case of a tangible thing: by placing in a prominent place the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

    C.    In the case of testimony: by counsel for the party making the disclosure stating on the record at the time of such disclosure that such testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    D.    A supplying party's designation of any material as Confidential Information or Highly Confidential Information shall also render any copies, excerpts, summaries or other

disclosure of the substance or contents of such material as Confidential Information or Highly Confidential Information.

4.

If a receiving party disagrees with the designation of any Confidential Information or Highly Confidential Information, the receiving party and designating party shall confer, and attempt in good faith to resolve the disagreement. If the receiving party and designating party fail to resolve their dispute, the party objecting to the confidentiality designation may apply to the Court for a determination of whether the designated information should remain Confidential Information or Highly Confidential Information; provided, however, that the party making the designation shall have the burden of proving the necessity for the designation. Until the Court rules on the objecting party's application, any information that has been produced and designated as Confidential Information or Highly Confidential Information shall be treated as so designated and subject to the terms of this Agreement and Order. No party to this proceeding shall be obligated to challenge the propriety of any designation and a failure to do so shall not preclude a subsequent challenge in this proceeding to the propriety of such designation. Nothing in this Agreement and Order shall be construed to adjudicate the actual confidentiality of any such material, rather, this Agreement and Order is entered solely for the purpose of facilitating this proceeding.

5.

All Confidential Information and Highly Confidential Information shall be handled and maintained as required by the terms of this Agreement and Order throughout this proceeding, regardless of whether such Confidential Information or Highly Confidential Information is used, disclosed or referred to in any hearing or other proceeding in this matter.

6.

Whenever any information or material designated as Confidential Information or Highly Confidential Information is disclosed or used in testimony or otherwise in this proceeding, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Agreement and Order to have access to such information.

7.

When filed with the Court by any person or party, all materials designated Confidential Information or Highly Confidential Information, as well as all motions, briefs, memoranda, papers, or other documents containing or referencing such materials (in such manner that the Confidential Information or Highly Confidential Information may be revealed thereby), shall be filed in a sealed envelope or other appropriately sealed container on which shall be endorsed the style of this proceeding, a description of the contents of the envelope or container, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable, and the following statement: "This envelope (or container) contains confidential documents filed in this proceeding pursuant to a Protective Order and is not to be opened, nor are its contents to be displayed or revealed, except on order of the Court." Such envelope or sealed container may be opened and its contents reviewed only by the Court or upon written consent of the counsel of record for the designating party.

8.

Documents and other material designated as Confidential Information pursuant to the terms of this Agreement and Order shall be used only for the purpose of this action and shall not be disclosed or transmitted, verbatim or in the substance, to anyone except the following:

    A.    Plaintiff or Defendants and their respective counsel of record (including

other attorneys and staff in their law firms who are working on this case);

B. Actual or potential deponents or witnesses who have preexisting knowledge of the information contained in the document marked "CONFIDENTIAL," but only to the extent needed to sustain or oppose any claim or defense, to examine or cross-examine any such witness, or to support or oppose any motion before the Court;

C. Any expert or consultant employed to advise or assist counsel of record for any party in the preparation or hearing of this proceeding who consents in writing to be bound by the terms of this Agreement and Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

D. The Court, provided that Confidential and Highly Confidential information and documents shall be sealed as provided above;

E. Court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action; and

F. Any other individual to whom, in the good faith opinion of counsel of record for Plaintiff or Defendants, the document marked "CONFIDENTIAL" must be disclosed or transmitted to help prepare for the prosecution or defense of this matter; provided that counsel of record making the disclosure or transmittal: (a) first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it; (b) maintain a log of all individuals to whom such disclosure or transmittal is made; and (c) allow opposing counsel of record access to this log upon reasonable notice.

9.

Documents and other material designated as Highly Confidential Information pursuant to the terms of this Agreement and Order may only be disclosed to:

A. The parties' counsel of record, and legal assistants.

B.  Any person who is being questioned at trial if such person is an employee of the supplying party or was a recipient, sender or creator of such Highly Confidential Information, or if the attorney providing such Highly Confidential Information to such person has a good faith belief that such person has specific knowledge about such Highly Confidential Information;

C.  The Court and its employees;

D.  Any expert or consultant employed to advise or assist counsel of record for any party in the trial of this proceeding who consents in writing to be bound by the terms of this Agreement and Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A"; and that the Confidentiality Agreement is provided to the party who produced the data prior to the data's being provided to the expert or consultant; and

E.  Other persons as agreed in writing to by the parties.

10.

With regard to Plaintiff's prior litigation with the Greater Miami Hebrew Academy, the parties agree that:

A.  the settlement agreement of that matter (Rosario Ruiz v. Greater Miami Hebrew Academy, Case No. 2005-16886-CA-23, filed in the 11th Judicial Circuit in and for Miami-Dade County, Florida) shall be designated as Confidential;

B.  if Defendant intends to use the settlement agreement during trial, Defendant will provide Plaintiff 10 calendar days notice within which Plaintiff may seek a protective order, if she chooses.

11.

Nothing herein shall be construed as an agreement or admission:

  A. by the receiving party that any material designated as Confidential Information or Highly Confidential Information by the producing person is in fact confidential; or

  B. with respect to the competency, relevancy, materiality or admissibility of any information, document, testimony or other evidence.

12.

The inadvertent or unintentional production by a supplying party of any privileged or otherwise protected information shall be no waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded by the attorney work-product doctrine. Upon receiving notice from a supplying party that privileged information, including copies or summaries thereof, has been inadvertently produced, all such privileged information shall be returned to the supplying party within two (2) business days of receipt of such notice. A party that returns privileged information after receipt of notice may retain non-substantive information not claimed to be privileged that is sufficient to identify the document or other information that it returns. This paragraph shall not prejudice the right of any party to challenge a supplying party's claim that information is privileged on any grounds other than the inadvertent or unintentional production of such information.

13.

Each party expressly reserves its right to designate materials as Confidential Information or Highly Confidential Information at any time during the course of this proceeding, including the right to designate as Confidential Information or Highly Confidential Information any information that may have already been produced to a party or non-party. In the event a party wishes to retroactively designate materials as Confidential Information or Highly Confidential Information, the other party will be bound by the terms of this Agreement and Order to the same

extent as if the documents had originally been produced as Confidential Information or Highly Confidential Information, and the parties agree to promptly advise the producing party of any person who reviewed the information prior to said designation.

14.

If at any time any information designated as Confidential Information or Highly Confidential Information and governed by this Agreement and Order is subpoenaed, or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by facsimile or e-mail to the party or non-party that designated the information as confidential (the "Designating Party") and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Designating Party. After the receipt of the notice specified under this paragraph, the Designating Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designated as Confidential Information or Highly Confidential Information. If the Designating Party does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Party and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, the Subpoenaed Party may commence production in response thereto on the date designated on the subpoena or request. In all other aspects, the Subpoenaed Party shall cooperate with the Designating Party to the extent permitted by law. Notwithstanding the filing of a motion to quash or for protective order,

nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so.

15.

This Agreement and Order has been entered to facilitate the conduct of this proceeding. Neither the entry of this Agreement and Order, nor the designation of any material as Confidential Information or Highly Confidential Information, nor the failure to make or challenge such designation shall constitute evidence with respect to any issue in this proceeding.

16.

All Confidential Information and Highly Confidential Information produced by any party during the course of this proceeding and all copies thereof in any form stored or reproduced, upon request, shall be promptly returned to the producing person or party within ten (10) days of the final termination of this proceeding. In addition, upon request, each party shall, within ten (10) days of the request, destroy, in whatever form stored or reproduced, all of the materials that contain or refer to confidential information of another party or person. The party or parties receiving the request to return or destroy such material may instead make the materials available to the requesting party for retrieval.

17.

Nothing herein shall preclude any party from seeking greater protection with respect to any documents than that provided for in this Agreement and Order.

18.

Nothing in this Agreement and Order shall apply to:

a. Information which was rightfully possessed by the party or parties receiving it other than through its production in this proceeding; and

b.  Information which is independently developed through proper means by a receiving party without reference to the information disclosed to the receiving party.

19.

The provisions of this Agreement and Order shall continue to be binding until modified, superseded or terminated by Order of the Court and by agreement of the parties.

Stipulated and Agreed to, this _____ day of _____, 2009.

| | |
|---|---|
| Martin E. Leach, Esquire<br>mel@flmlegal.com<br>Feiler & Leach, P.L.<br>Penthouse Suite<br>901 Ponce de Leon Boulevard<br>Coral Gables, Florida 33134<br>Tel: (305) 441-8818<br>Fax: (305) 441-8081<br>Attorneys for Plaintiff, Rosario Ruiz | Michael W. Casey, III<br>Florida Bar No. 141430<br>mcasey@ebglaw.com<br>Jennifer L. Poole<br>Florida Bar No. 0608661<br>jpoole@ebglaw.com<br>EPSTEIN BECKER & GREEN, P.C.<br>Suite 4300, Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 579-3200 / Fax: (305) 579-3201<br>Counsel for Defendant, Royal Flowers, Inc. |

SO ORDERED, this _____ day of _____, 2009.

_____
HON. BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT "A"

## AGREEMENT CONCERNING MATERIAL COVERED BY
## A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the Matter of <u>Rosario Ruiz v. Royal Flowers, Inc.</u>, Case No.: 08-20589-CIV-Lenard/Garber, pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with, any person or entity not authorized to receive such "Confidential Information" or "Highly Confidential Information," pursuant to the terms of said Protective Order, any document or any information designated as "Confidential Information" or "Highly Confidential Information" or any copies of extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purposes of discovery, preparation for trial, trial, and any appeal of the above-mentioned case, and for no other purposes.

I understand that the use of any "Confidential Information" or "Highly Confidential Information or document in any manner contrary to the provisions of the Protective Order may subject me to sanctions of the Court for Contempt, as well as other legal sanctions.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the United States District Court for the Southern District of Florida for the purposes of enforcing said Protective Order.

Dated:_____     Signature:_____

                                                      Print Name:_____

Dated:_____     Witness:_____

                                                      Print Name:_____